## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>SONIY FIVETEN,<br><br>            Defendant. | CRIMINAL CASE NO. CF0105-14<br><br>DECISION AND ORDER |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on November 12, 2024, for hearing on Defendant **SONIY FIVETEN's** ("Defendant") Motion to Dismiss Pursuant to Title 8 GCA § 80.70(b) ("Motion to Dismiss"). Present were Assistant Attorney General Kathleen O'Neil on behalf of the People of Guam ("the Government") and Defendant with counsel, Deputy Public Defender John P. Morrison. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On March 13, 2014, a grand jury returned an indictment charging Defendant with (1) Aggravated Assault (As a Third Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; (2) Disorderly Conduct (As a Petty Misdemeanor); and (3) Public Drunkenness (As a Violation). (Indictment, Mar. 13, 2014). On June 18, 2014, the parties indicated the matter may likely resolve with a lesser-included offense, pending victim notification. (Minute Entry, Jun. 18, 2014). Defendant was released on a personal

recognizance bond and placed on house arrest, with certain exceptions. (Order of Conditional Release and Appearance Bond, Jun. 18, 2014). On his Order of Conditional Release and Appearance Bond, Defendant handwrote his name as "fiveten soniy" and signed the document as "fiveten soniy". *Id.* at 2. Subsequently, Probation filed a Violation Report, indicating that Defendant failed to report weekly in person to the probation office and that he last checked in on July 2, 2014. (Violation Report, Jul. 28, 2014). On July 29, 2014, the Court issued a $5,000.00 warrant for his arrest. (Bench Warrant, Jul. 31, 2014).

On August 29, 2023, a Return of Warrant Service was filed, indicating that "[u]pon conducting a check utilizing the Blue Check System the Guam Marshals discovered that the defendant is currently detained and serving a sentence in case CF0281-15. Alias are (BJ Johnny, BJ Asukar, JK Johnny, Jiam Sio and Soniy Fiveteen)." (ROW Service, Aug. 29, 2023).

After several status hearings, the Court set the matter for trial for November 6, 2024. (Am. Criminal Trial Scheduling Order, Jun. 26, 2024).

On October 15, 2024, Defendant filed the instant Motion. On October 28, 2024, the Government filed its Opposition. No Reply was filed.

On November 12, 2024, the parties submitted on their briefs and the Court placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to dismiss this matter pursuant to 8 G.C.A. § 80.70(b), arguing that there was unnecessary delay in bringing this matter to trial. *See generally*, Mot. Dismiss, Oct. 15, 2024. The Government opposes, arguing Defendant has failed to allege a proper standard for dismissal and further, that Defendant's actions caused or contributed to the delay. *See generally*, Opp'n, Oct. 28, 2024.

Title 8 G.C.A. section 80.70(b) provides that "[i]f there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may dismiss the indictment, information or complaint. The reasons for the dismissal shall be set forth in an order entered upon the minutes." 8 G.C.A. § 80.70(b). Dismissals pursuant to 8 G.C.A. § 80.70(b) "should be imposed only in extreme circumstances." *People v. Stephen*, 2009 Guam 8 ¶ 21 (citing *United States v. Sears,*

*Roebuck & Co.,* 877 F.2d 734, 737 (9th Cir. 1989)). Section 80.70 is based on Rule 48 of the Federal Rules of Criminal Procedure. 8 G.C.A. § 80.70, Note. "[T]his Rule grants the trial court inherent power, derived from common law, to dismiss a case for want of prosecution, whether or not there has been a Sixth Amendment violation. Thus, this power of dismissal is independent of constitutional considerations, and is derived from the court's supervisory authority in regard to its own jurisdiction." *United States v. Simmons,* 536 F.2d 827, 832 (9th Cir. 1976).

Here, however, Defendant is moving the Court to dismiss this matter, not the Court on its own motion. Defendant argues that during the period of the active bench warrant, he "remained incarcerated for an eight-year period in a separate case, with his presence readily known to the same authorities now attempting to proceed with this delayed prosecution" which renders the delay "unnecessary and unjustifiable under § 80.70(b)," similar to the defendant in *United States v. Price,* 373 F.Supp. 825, 827 (W.D. Mo. 1974). (Mot. Dismiss at 4).

Upon review, Defendant has several aliases and had several warrants out for his arrest. On the same date that a Return of Warrant Service was filed in the instant matter, placing the matter back on the Court's active docket, a Return of Warrant Service was also filed in Criminal Case Nos. CM0335-12, CF0143-07, CM0996-10, and CM1105-11 reflecting the same statement that the marshals discovered the Defendant was currently detained and serving a sentence in CF0281-15 along with all of his named aliases.

In CF0143-07, Defendant plead guilty to Assault on a Police Officer (As a Third Degree Felony) and Family Violence (As a Misdemeanor) under the alias B.J. Asukar, DOB 11/11/1983. (Judgment (CF0143-07), Sept. 20, 2007). The parties subsequently stipulated in CF0143-07 to revocation of Defendant's probation. (Stip. and Order Re: Revocation of Probation (CF0143-07), May 23, 2024).

In CM0996-10, Defendant consented to diversion of the case with certain conditions under the alias B.J. Asukar, DOB: 11/11/1983. (Stip. and Order for Diversion (CM0996-10), Dec. 21, 2010). A Warrant of Arrest was issued on February 2, 2012, after Defendant was terminated from Lighthouse Recovery Center and failed to check in with Probation on a monthly basis. *See* 2nd Violation Report (CM0996-10), Feb. 1, 2012; Warrant of Arrest (CM0996-10), Feb. 2, 2012.

CM0996-10 was subsequently dismissed without prejudice. *See* Judgment of Revocation and Dismissal Without Prejudice (CM0996-10), May 23, 2024.

In CM1105-11, Defendant was charged with Family Violence (As a Misdemeanor) and Assault (As a Misdemeanor) under the alias BJ Asukar, DOB: 11/11/1983. A Bench Warrant was issued for Defendant's arrest after he failed to appear for an Arraignment Hearing on November 23, 2011. *See* Bench Warrant, Dec. 5, 2011. CM1105-11 was subsequently dismissed by the Government with prejudice. *See* People's Motion and Order to Dismiss with Prejudice (CM1105-11), Jan. 10, 2024.

In CM0335-12, Defendant was charged with Disorderly Conduct (As a Petty Misdemeanor) and Public Intoxication (As a Violation) under the name Sio Jiam, DOB: 11/13/1984. (Magistrate's Compl. in CM0335-12, Apr. 4, 2012). A Bench Warrant was issued for his arrest after he failed to appear for a hearing on September 11, 2012. *See* Bench Warrant (CM0335-12), Sept. 11, 2012. CM0335-12 was subsequently dismissed with prejudice, as Defendant served the maximum time of imprisonment after his Return of Warrant. *See* Ex Parte Mot. Dismiss, Jun. 25, 2024; Order Granting People's Ex Parte Motion to Dismiss with Prejudice, Jul. 29, 2024.

In CF0281-15, Defendant entered a guilty plea to the charge of Attempted Murder (As a First Degree Felony) with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony. *See* Plea Agreement (CF0281-15), Jul. 24, 2015; Judgment (Guilty Plea Agreement) (CF0281-15), Sept. 20, 2016. Defendant was charged as BJ Johnny aka CO with DOB: 11/13/1984 in CF0281-15. *See* Magistrate's Compl. (CF0281-15), May 6, 2015; Indictment (CF0281-15), May 14, 2015; Superseding Indictment (CF0281-15), Jun. 30, 2015. Both Defendant's and the Government's sentencing memoranda in CF0281-15 reference Defendant as a first offender. *See* Deft. Sent. Memo. (CF0281-15), Oct. 8, 2015; People's Sent. Memo. (CF0281-15), Jun. 24, 2016). On September 2, 2016, Defendant was sentenced to ten (10) years of imprisonment in CF0281-15 – five (5) years for the Attempted Murder charge and five (5) years for the Special Allegation, to run consecutive to each other. (Judgment (Guilty Plea Agreement) (CF0281-15), Sept. 20, 2016).

In light of the above, the Court does not find that "extreme circumstances" exist warranting dismissal under 8 G.C.A. § 80.70(b). *See Stephen,* 2009 Guam 8 ¶ 21. The Court does not find the delay "unnecessary and unjustifiable" in light of Defendant's choice to utilize aliases. This is unlike the defendant in *United States v. Price,* 737 F.Supp. 825 (W.D. Mo. 1974), where, as the Government sets forth, "there is no allegation that the defendant absconded from the jurisdiction or used aliases during the period of delay." (Opp'n at 4). The Court does not find it clear that Defendant's "presence was readily known to the same authorities now attempting to proceed with this delayed prosecution" as argued by Defendant. *See* Mot. Dismiss at 4. Rather, Defendant's use of aliases contributed to the Government's inability to bring the matter to final adjudication sooner. Therefore, the Court denies Defendant's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss. Parties shall return for a Status Hearing on **February 3, 2025** at **10:30 a.m.**

**IT IS SO ORDERED** this 22nd day of January, 2025.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_AG, PDSC_

Date: 1/22/25 Time: 9:02am

_Antonio ___ Cruz_
Deputy Clerk, Superior Court of Guam

*People v. Fiveten*
Case No. CF0105-14
Decision and Order